# Eleazur Huff, *vs.* Charles M. Jennings, et al.

## *Appeal from Cedar.*

On a bill for a specific performance a tender of the purchase money must be made to the vendor, before the complainant can legally require the conveyance of the land purchased.

A party wishing to set aside a contract, must show some useful purpose to be thereby accomplished.

This was a bill filed by Eleazur Huff, against Charles M. Jennings, and others. The bill sets forth that the defendant Jennings, in 1840, purchased from the board of commissioners of Cedar county, lot No. 2, in block No. 11, in the town of Tipton, for the sum of about $60, of which he paid one-fourth in hand, and afterwards paid another fourth of the purchase money; that the board of commissioners executed and delivered to Jennings, a title bond, conditioned to execute and deliver to said Jennings a warranty deed for said lot, when he should pay up the balance of the purchase money; that in pursuance of said purchase, and by the assent of the commissioners, the said Jennings took possession and erected a tavern, &c. And that afterwards, in November, 1841, the said Jennings made a loan of $125 from the complainant, and to secure the payment, executed a mortgage to said complainant on the lot in question, and other property; that the money was not paid, and that at the April term, 1843, of the District Court of Cedar, the mortgage was foreclosed, and a sale of the premises ordered; and that afterwards in July, 1843, Jennings confederating with Rankin and M'Coy, (made defendants with said commissioners) went before the board of commissioners and relinquished his right and title to said lot, and thereupon Rankin and M'Coy, in pursuance of an arrangement made with said

Jennings, and having full notice that Jennings had conveyed his right in the lot to the complainant by a mortgage, that the mortgage had been forfeited and that a decree of foreclosure and order of sale had been made, paid to the said commissioners the balance of the purchase money, about $30, which would have been due from Jennings, and received a deed from the commissioners for the lot. The bill avers that the complainant had always been ready and willing, and was then ready and willing to pay the purchase money whenever the board of commissioners would make a deed to Jennings or the complainant, the mortgagee. The bill further prays that Rankin & M'Coy may be decreed to deliver up said deed to be cancelled, and that the commissioners may be decreed to make a deed to Huff or Jennings upon payment of the purchase money due.

The defendants on motion, obtained an order dismissing the bill for the want of equity, and the complainant appealed to this court.

JOHN P. COOK, for complainant.

CARLETON & LOWE, for defendants.

PER CURIAM, MASON, CHIEF JUSTICE.—That a tender should have been made before a conveyance could have been legally required, admits of no question. But it is contended that the sale to Rankin & M'Coy, being fraudulent, should be set aside without any such tender.

We think otherwise. Unless the remainder of the purchase money is paid, neither Jennings nor those claiming under him, have any right to the land ; their only remedy being a recovery back of the amount already paid. The time for the payment of the balance having already expired, the purchaser was in default. The subsequent sale by the commissioners was valid, as against all persons having no interest in the matter. The law does not permit intermeddling in such cases.

If the second sale should be set aside, what certainty is there that the first will ever be consummated. The law will not do a nugatory or wanton act. The party wishing to set aside a contract, must show some useful purpose to be thereby accomplished. The complainant in this case should therefore, in order to set aside the second sale, have shown a readiness to consummate the first, without which any disturbance of the first would be an act of sheer wantonness. The decree of the court below, dismissing the bill for want of equity, will therefore be affirmed.